IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Respondent/Plaintiff,

v.                                                                                          Civ. No. 07-946 WJ/RLP
                                                                                                                          Cr. No.   06-615 WJ

MARTIN SAAVEDRA-VILLASENOR,

    Movant/Defendant.

## MAGISTRATE JUDGE S REPORT AND RECOMMENDATION[1]

    1.      This is a proceeding brought pursuant to 28 U.S.C. § 2255. Defendant is currently incarcerated at the Federal Correctional Facility in Adelanto, California, where he is serving a 77 month term of imprisonment, having pled guilty to Re-entry of a Deported Alien Previously Convicted of an Aggravated Felony, 8 U.S.C. §§ 1326(a)(1), (a)(2) and (b)(2). Plea Agreement (Cr. Doc. 19) at 2.

    2.      Defendant's Motion to Vacate, Set Aside, or Correct Sentence argues that counsel was ineffective for failing to investigate the underlying felony (aggravated battery on a family member), which Defendant claims was primarily "VERBAL DOMESTIC ABUSES." (*sic*). Traverse [Doc. 6] at 2.[2]

    3.      Defendant had two prior convictions for domestic battery, which constitutes an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(F), as defined in 18 U.S.C. § 16(a) ("an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another . . ."). Indictment (Cr. Doc. 10). The Plea Agreement clearly listed Defendant's plea to Re-entry of a Deported Alien Previously Convicted of an Aggravated Felony. Defendant

acknowledged he read the agreement, reviewed it with his attorney, and voluntarily signed it.  Plea Agreement at 6.

4.  To prevail on a claim of ineffective assistance of counsel, a defendant must show both that counsel's representation fell below an objective standard of reasonableness and that the deficient performance prejudiced the defendant.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  This test also applies to challenges to guilty pleas.  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  Based on the foregoing facts, Defendant cannot show either of the *Strickland* elements.  Defendant voluntarily entered into a plea agreement which he read and understood.  If he believed the prior charges against him did not constitute felonies, or crimes of violence, it was incumbent upon him to advise his attorney.  Counsel cannot be faulted for not objecting or investigating incidents to which Defendant freely acknowledged.

## Recommended Disposition

I recommend that the Government's Motion to Dismiss [Doc. 5] be granted for the reasons stated herein and this case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1) , file written objections in the United States District Court to the Report and Recommendation.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation.  If no objections are filed, no appellate review will be allowed.

[2] Defendant's original Motion [Doc. 1] claimed that his sentence was enhanced due to a prior drug possession charge.  The Government then filed

a Motion to Dismiss [Doc. 5], arguing that charge was not utilized for sentence enhancement. The Defendant then filed a Traverse [Doc. 6] and made the claims of ineffective assistance for the battery on a family member. The Court therefore treats the Traverse as the only grounds for relief.